# In the United States Court of Federal Claims

Nos. 24-1504C, 24-1505C, 24-1508C, 24-1529C, 24-1543C, 24-1552C, 24-1596C, 24-1599C, 24-1612C, 24-1624C, 24-1632C, 24-1653C, 24-1677C, 24-1678C, 24-1735C, 24-1749C, 24-1750C, 24-1760C, 24-1767C, 24-1764C, 24-1770C, 24-1771C, 24-1780C, 24-1798C, 24-1802C, 24-1803C, 24-1833C, 24-1840C, 24-1958C, 24-1972C

Filed: March 21, 2025
Re-issued: April 1, 2025[1]

_____

|  |  |
|---|---|
| WESTWIND PARTNERS, LLP, et al., | ) |
|  | ) |
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant*, | ) |
|  | ) |
| CS GOVERNMENT SOLUTIONS, LLC, et al., | ) |
|  | ) |
| *Defendant-Intervenors*. | ) |
| _____ | ) |

## OPINION AND ORDER

Under its FirstSource III Solicitation, the Department of Homeland Security (the "Agency") is running two roughly parallel procurements. In general terms, the Solicitation includes one functional category that covers computer software and one functional category that covers IT hardware and services, known as the "ITVAR" functional category. Offerors could submit proposals for one or both functional categories, and Plaintiffs Govplace, Inc. and Invicta[2] Group, LLC[3] submitted proposals for each functional category. They submitted materially identical proposals regarding their supply chain risk management ("SCRM") approaches for both the Software and the ITVAR functional categories. Despite the SCRM proposals being identical, the Software evaluation resulted in a "High Confidence" rating while the ITVAR evaluation

---

[1] The court initially filed this Opinion and Order under seal to allow the parties to propose redactions. While they did not propose any substantive redactions, they did identify one typographical error that the court corrected. This non-substantive correction is the only difference between this public opinion and the sealed version.

[2] Invicta is a joint venture between Govplace and iSoft Solutions LLC.

[3] Although there are many plaintiffs in this case, only Govplace and Invicta have moved to complete or supplement the record. When the court refers to the "Plaintiffs" in this opinion, it is referring to these two plaintiffs.

resulted in a "Low Confidence" rating. Plaintiffs' protests include challenges to this discrepancy, and they now seek to complete or supplement the administrative record to add their Software proposal and records of the Software team's evaluation of the SCRM proposal. Because the court can adequately address the rationality of the ITVAR evaluation without resort to the Software evaluation, the court denies the motion.

## I.    Background[4]

The FirstSource III Solicitation is set aside for small businesses. There are separate tracks for different small business socioeconomic programs—e.g., small business, service-disabled veteran owned small business, etc. Recall too that the Solicitation is also divided into two functional categories—Software and ITVAR. According to the Solicitation:

> Offerors may submit proposals for one or both Functional Categories and some, one or all of the small business Socio-Economic tracks under the Functional Categories for which they are certified based on small business program requirements, their capabilities, and their established size standards. Because there are opportunities for multiple proposal submissions, the contractor shall submit a separate proposal for each functional category.

Tab 220a at AR15959. The procurement also utilized a two-phase advisory down-select process. Under this process, the Agency evaluated proposals in Phase I for two factors: (1) the ability to perform the work, and (2) SCRM. *Id.* at AR16058. While Phase 1, Factor 1 included different requirements and evaluation criteria for the two functional categories, Factor 2, at issue here, listed identical criteria for ITVAR and Software. *Id.* That said, the Solicitation instructed offerors that if they submitted proposals for both functional categories, that they needed to submit "**separate and distinct**" proposals for the SCRM requirement. *Id.* at AR16065 (emphasis in original).

Plaintiffs explain that "Govplace and Invicta submitted identical Factor 2 proposals under both functional categories." ECF No. 181 at 2. In the Software functional category, each Plaintiff was rated "High Confidence," but under the ITVAR category, each received "Low Confidence" ratings. *Id.* Plaintiffs were advised "not to participate in Phase II" of the ITVAR category due to their rating, and that they were "unlikely to be [] viable competitor[s] for th[e] acquisition." Tab 202 at AR12578-79, AR12602-04.

Accordingly, Plaintiffs contend that the Agency's evaluation for its Software Factor 2 proposals are needed for this court's consideration of their protests. They request to complete or supplement the existing record with their Software Factor 2 proposals and evaluations. ECF No.

---

[4] Because the resolution of this discovery dispute requires only limited background information, the court provides only a limited summary of the procurement relevant to the discovery dispute. The court will provide the full background when it resolves the forthcoming cross-motions for judgment on the administrative record.

181 at 10-11. The record currently contains the Agency's evaluations of Plaintiffs' ITVAR proposals, but not the evaluations of the Software proposals. *See id.* at 7.

## II.    Discussion

In a bid protest, the agency provides to the court an administrative record. *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009). A complete administrative record includes "all materials that were 'directly or indirectly considered by the agency decisionmakers,' such that the reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" *Trace Sys. Inc. v. United States*, 160 Fed. Cl. 691, 694 (2022) (internal citations omitted) (first quoting *Joint Venture of Comint Sys. Corp. v. United States*, 100 Fed. Cl. 159, 168-69 (2011); and then quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)). Plaintiffs seek to complete the record or, in the alternative, to supplement the record with documents regarding the Software technical evaluation team's evaluations of their SCRM proposals.

### A.    Motion to Complete the Administrative Record.

A motion to complete the record asks "the [c]ourt to order the agency to complete the record by including omitted documents that the agency did consider in making its decision." *Advanced Tech. Sys. Co. v. United States*, No. 23-1000, 2023 WL 8805707, at *3 (Fed. Cl. Oct. 4, 2023). "[T]he [c]ourt must determine if the requested documents are 'relevant to the challenged agency decision and were considered by the relevant agency decisionmakers,' yet 'not included in the record.'" *Point Blank Enters., Inc. v. United States*, No. 23-913, 2023 WL 8785170, at *3 (Fed. Cl. Aug. 9, 2023) (cleaned up) (quoting *Poplar Point RBBR, LLC v. United States*, 145 Fed. Cl. 489, 494 (2019)). The court asks "whether the plaintiff has provided 'clear evidence' that the agency 'generated or considered' information 'during the procurement and decisionmaking process' but omitted that information from the record filed in court." *CAN Softech, Inc. v. United States*, No. 24-1009, 2025 WL 517963, at *1 (Fed. Cl. Jan. 31, 2025) (quoting *Poplar Point*, 145 Fed. Cl. at 494). Such a motion will fail absent such "clear evidence." *Rotair Aerospace Corp. v. United States*, 167 Fed. Cl. 571, 575 (2023).

Plaintiffs seek to complete the record with the Agency's evaluation of their Software SCRM proposals, because the ITVAR and Software evaluations "are diametrically opposed" despite the "proposals, requirements, and evaluation criteria" being the same and the same contracting officer approved both evaluations. ECF No. 181 at 9-10. And because the Agency received proposals for both the Software and ITVAR functional categories through the same Solicitation, Plaintiffs insist that the Software evaluations were considered by the Agency. *Id.* at 8.

The foremost problem is that the Solicitation itself makes Plaintiffs' theory that the ITVAR evaluators considered the Software SCRM proposals and evaluations when they evaluated the ITVAR proposals untenable. The Solicitation contains a number of provisions and clauses that make clear that the Software and ITVAR evaluations will be separate, and that the results may be different. According to the Statement of Work, "DHS anticipates awarding multiple IDIQ contracts under two Functional Categories . . . . The two Functional Categories are separate and distinct from one another." Tab 220a at AR15964. While offerors could submit

one proposal for multiple socioeconomic tracks within a functional category, they could not submit one proposal for both functional categories.  *Id*. at AR16056 (Section L.4.1).

And this separation applies to the SCRM evaluation as well.  According to the instructions in Section L:

> Phase I, Factor 2, Supply Chain Risk Management Approach, is required for **both** Functional Categories.  The instruction is not Functional Category specific, but Factor 2 requires a **separate and distinct** submission for each Functional Category.  Offerors proposing under **both** Functional Categories shall prepare and submit **separate and distinct** proposals as stated in Section L.4.1.

*Id*. at AR16065 (emphases in original).  The fact that SCRM proposals for the Software and ITVAR functional categories had to be "separate and distinct" was a clear indicator that what might be good for Software may not make the cut for ITVAR.  Here, although Plaintiffs filed *separate* proposals for the Software and ITVAR functional categories, there is nothing *distinct* about them—they filed identical SCRM proposals for both functional categories.

The Agency also had separate evaluation teams conduct the evaluations.  There were separate Technical Evaluation Teams ("TET") with different TET chairs for the Factor 2 evaluations.  One was for the Software functional category and the other for ITVAR.  Tab 193 at AR11549.  Further, the proposals were separated by functional category and socioeconomic track throughout the evaluation process.  *Id*. at AR11546.  And the Solicitation itself states "[t]he evaluation process and source selection will be separate for the ITVAR and Software Functional Categories for both phases."  *Id*. at AR11547.  Thus, one team would evaluate a SCRM proposal to determine how well it would meet the requirements addressing software and related updates and licensing.  The other would determine whether and how well a SCRM proposal would meet the requirements relating to IT hardware and services.  There is nothing in the Solicitation indicating that a SCRM program that is sufficient for one will be sufficient for the other.

It is true that as the Phase I evaluation process progressed, the analysis funneled down to one person.  Tab 193 at AR11547-48.  This is not enough to require the inclusion of the Software evaluations in the administrative record for these ITVAR protests.  Again, there were separate evaluations that resulted in separate consensus reports.  Tab 193 at AR11547.  Although a single official made the final down-selection decisions for the Software and ITVAR functional categories, "the awards in each category will be independent from one another."  *Id*.

In the end, the Solicitation made clear that offerors submitting proposals for both functional categories would need to file a separate and distinct SCRM proposal for each and that separate evaluations and awards would be made.  Because there is no clear evidence that the Software evaluations were considered in making the ITVAR Phase I down-select decisions, the court denies the motion to complete the administrative record.

### B.    Motion to Supplement the Administrative Record.

In the alternative, Plaintiffs move to supplement the record.  ECF No. 181 at 11.  A motion to supplement is appropriate if the "existing record is insufficient to permit meaningful

review consistent with the APA." *Axiom Res. Mgmt.*, 564 F.3d at 1381. A court may "order the agency to include documents that were not considered in making its decision, but should have been." *Advanced Tech. Sys. Co.*, 2023 WL 8805707, at *3. Supplementation of the record "should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" *Axiom Res. Mgmt.*, 564 F.3d at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)).

Here too, Plaintiffs point to the same inconsistency in the evaluations of their SCRM proposals in the Software and ITVAR functional categories as evidence that the "Agency . . . made internally inconsistent findings, which were reviewed and approved by the Selection Official." ECF No. 181 at 11. According to Plaintiffs, the court requires the Software evaluations to determine this inconsistency's effect on the Agency's overall determinations. *Id*.

For the same reasons discussed above, the mere fact that the Software TET rated the SCRM proposal "High Confidence" and the ITVAR TET rated the SCRM proposal "Low Confidence" does not evidence an internal inconsistency that would necessitate such a supplementation of the record. Again, the Solicitation required separate and distinct proposals and considered the Software and ITVAR proposals in parallel tracks, not together. And there is nothing unreasonable about a SCRM proposal checking all the boxes for Software requirements but falling short with regard to IT hardware. Software is not ITVAR, and vice versa.

Finally, as discussed above, the Solicitation and evaluation plan both make clear that the evaluations would proceed separately and be conducted by separate teams. This separation, which the court has no reason to believe was not followed, makes the different ratings separate and distinct from each other. Thus "there is nothing unusual or improper in different evaluators having different perceptions of the merit of a proposed approach, especially where, as here, the work involves different aspects of the program." *SRS Techs.*, B-270341, 1996 WL 112422, at *3 n.4 (Comp. Gen. Mar. 1, 1996). In other words, the ITVAR SCRM ratings stand alone, and there is no need for the court to consider the Software evaluations when reviewing the ITVAR evaluations.

## III.    Conclusion

For the forgoing reasons, the court **DENIES** Plaintiffs' motion to complete or supplement the administrative record, ECF No. 181.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge